IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VINCENT BREHM, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV64 |
| | ) | |
| V. | ) | |
| | ) | |
| DANA TROWBRIDGE, Mayor of the City of David City, individually and his official capacity as mayor of the City of David City, and CITY OF DAVID CITY, The, | ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Compel Response to Discovery Request (filing 50). Defendants' Motion will be denied.

## BACKGROUND

In this action, Plaintiff alleges that his employment was wrongfully terminated in retaliation of his participation in the drive to recall Mayor Dana Trowbridge. Plaintiff contends that he suffered lost pay, benefits and other economic losses as a result of his termination. (Filing 1.)

During the course of discovery in this action, Defendants learned that Plaintiff started a trucking business in 2010. Upon request, Plaintiff provided Defendants with a copy of his 2010 tax return, which includes a Schedule C. Although the Schedule C shows that the trucking business had gross income of $106,242 in 2010, it reports a loss of $14,393 from the business. The Schedule C includes deductions for expenses as follows: Depreciation - $26,767; Insurance - $4,853; Mortgage Interest - $1,400; Legal and Professional Services - $635; Office Expense - $1,134; Rent or Lease (vehicles, machinery, and equipment) - $12,405; Supplies - $400; Taxes and Licenses - $4,170; Travel - $13,220; Wages $9,304;

Other Expenses - $46,347 (fuel).  (Filing 58-2 at CM/ECF pp. 2-3.)

Following their receipt of the tax return, Defendants served an interrogatory ("Interrogatory 17") on Plaintiff, which provides as follows:

> Please provide an itemization for all amounts listed as expenses on Plaintiff's 2010 U.S. Individual Tax Return, Form 1040, Schedule C - Profit or Loss From Business, Part II - Expenses, and include to whom each amount listed as an expense was paid and what each payment was for, and provide any documentation of such payments.

(Filing 51 at CM/ECF p. 12.) Plaintiff objected to the interrogatory stating "the right to audit US individual income tax return is a police power reserved for the federal government exercised by its agency Internal Revenue Services.  This interrogatory is tantamount to an audit of Mr. Brehm's US individual income tax return." (*Id.*)  This motion followed.

## ANALYSIS

Defendants maintain that because Plaintiff has alleged that he suffered loss of pay and other economic losses as a result of Defendants' actions, they are entitled to discover information necessary to evaluate the amount of income Plaintiff has earned since his termination.  Defendants contend that the identification of each individual expense contributing to the totals listed on the Schedule C is necessary to determine whether Plaintiff's income has, in fact, decreased.

Defendants are correct that the amount of income lost by Plaintiff, if any, is likely relevant to these proceedings.  However, Interrogatory 17 is overly broad.  The court is doubtful that a specific itemization of each expense within each of the broader categories listed on the Schedule C would be much, if any, benefit to Defendants, particularly given the relatively small amount of expenses listed.  Morever, the amount of expenses listed on the Schedule C do not appear to be excessive or out of the ordinary.   The court concludes that a response to Interrogatory 17 is not required.

**IT IS ORDERED** that Defendants' Motion to Compel Response to Discovery

Request (filing 50) is denied.

**DATED June 8, 2011.**

                **BY THE COURT:**

                **S/ F.A. Gossett**
                **United States Magistrate Judge**